an action by a passenger against a carrier for injuries sustained as the result of being struck by a falling object while plaintiff sat in a car, where plaintiff's theory was that the object was part of the metal fixture or arm to one of the ventilators inside and near the top of the side of the car, and the defendant's theory was that it came from outside the car, and the object was never found, plaintiff's witness claiming that one of the arms that stuck out of the ventilator was gone and that she saw it on the seat right after it fell, and the conductor claiming that he failed to find the object in his search made immediately afterwards, and but one witness testified on each side to seeing the object, while defendant's witness stated that it passed swiftly by his face from an open window and towards plaintiff, and plaintiff's witness testified that she saw the object pass the man's head and that it came from a distance, and plaintiff's witness had testified at a former trial that she could not tell just what it was that struck plaintiff and did not know where it came from, *held* that the verdict in favor of plaintiff was not only manifestly against the weight of the evidence, but that the preponderance was in favor of the defendant.

———

## Bass Foundry & Machine Company, Appellee, v. Sulzberger & Sons Company, Appellant.

### Gen. No. 22,315.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 1, 1917. Rehearing denied May 10, 1917.

### Statement of the Case.

Action by the Bass Foundry & Machine Company, plaintiff, against Sulzberger & Sons Company, defendant, to recover the contract price of two water heaters. From a judgment for plaintiff, defendant appeals.

ADAMS, CREWS, BOBB & WESTCOTT, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 264*—*when warranty covers sufficiency of specifications*. In an action to recover the contract price of two water heaters, where the contract provided that the heaters must be guaranteed to contain sufficient square feet of heating surface to heat a required amount of water, and such heaters were operated in connection with the defendant's boilers for the utilization of exhaust steam to raise the temperature of the water before it was taken into the boilers, thereby effecting a saving of fuel, and, on the heaters being tested, it was discovered that they failed to meet the warranty, *held* that such warranty covered not only the workmanship and materials, but the sufficiency of the specifications as well, and the heaters having failed to fulfil the warranty, the trial court erred in excluding the defendant's evidence of recoupment.

2. SALES, § 404*—*what is measure of damages for breach of warranty as to heating efficiency of water heaters*. In an action to recover the contract price of two water heaters, where the defendant claimed in recoupment because of the breach of a warranty as to heating efficiency, and the warranty was not fulfilled, *held* that the measure of the defendant's damages was the difference between the value of the heaters furnished by plaintiff and the cost of altering the defect to make them conform to the warranty, plus a reasonable compensation for their use for the period of time necessary to make the alterations; but that if the cost of installing an auxiliary heater would be less than the damages as outlined, that method should be adopted in order to minimize the damages.

3. SALES—*what is effect of change in specifications prior to execution of contract on warranty*. In an action to recover the contract price of water heaters, where the defendant contended that such heaters failed to meet the warranty as to heating, *held* that the mere fact that certain changes were made in the specifications at the request of the defendant, prior to the execution of the contract, did not relieve plaintiff from liability under the warranty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.